IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWIN BEYER,

                          Plaintiff,                                    ORDER

           v.
                                                                14-cv-673-jdp

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                          Defendant.

Plaintiff Edwin Beyer seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. Beyer contends that remand is warranted because the ALJ's Residual Functional Capacity determination (RFC) failed to adequately account for his difficulties in maintaining concentration, persistence, and pace (CPP), contrary to settled Seventh Circuit case law. *See O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) (ALJ must orient a vocational expert to the "totality of a claimant's limitations," including those involving "concentration, persistence and pace").

The ALJ credited the opinions of state agency consulting psychologists, Drs. Childs and Rattan, which he gave "significant weight." R. 123. Both psychologists identified moderate limitations in CPP. Dr. Childs identified moderate limitations in Beyer's ability to: (1) maintain attention and concentration for extended periods; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (3) sustain an ordinary routine without special supervision; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms; and (5) perform at a consistent pace without an unreasonable number and length of rest periods. R. 1047-48.

Beyer argues that because the ALJ gave Dr. Child's opinion "significant weight," these limitations must be reflected in his RFC. The Commissioner contends that Beyer's limitations have been incorporated into the RFC. Not only is Beyer limited to simple, routine, and repetitive tasks, but he is also limited a work environment "free of fast-paced production requirements, with few, if any, workplace changes," and he must be allowed to be "off task for ten percent of the work day." R. 120. The parties agree that merely limiting a claimant to work involving only simple, routine, and repetitive tasks does not adequately account for moderate limitations in CPP. *See O'Connor–Spinner*, 627 F.3d at 619. But the Commissioner contends that the more extensive set of limitations applied to Beyer in this case is enough. I am not convinced.

Remand is warranted to reconsider Beyer's difficulties in CPP for two reasons. First, some of the specific job related limitations that Dr. Childs cited are not reflected at all in the RFC. Dr. Childs found that Beyer's had moderate limitations in his ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. R. 1047-48. These limitations would be critical to Beyer's employability, but nothing in the RFC addresses these limitations. Remand is required because the ALJ recognized that Beyer had limitations concerning punctuality, attendance, and schedule, but the RFC failed to incorporate them. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record.").

The second reason remand is warranted is that even the more extensive set of limitations applied here is not enough to address Beyer's difficulties in CPP. The Commissioner argues that this case is distinct from *Yurt* because the RFC in that case did not

2

include the "limitation for being off task for ten percent of the work day." Dkt. 15 at 9. But the ALJ does not explain how she determined the quantity of time that Beyer would be off task, which she fixed at ten percent. The ALJ should have explained what evidence in the record justified her assessment that Beyer would be able to stay on task 90% of the time. There is nothing in Dr. Child's opinion to support this assessment. Beyer makes a good case that ten percent was selected arbitrarily because that is the upper limit of employability: any greater proportion of time off task would mean that Beyer was disabled. Although the ALJ's fact-finding is entitled to some deference, it must be based on an accurate assessment of the evidence, it must logically flow from that evidence, and the connection between the evidence and the conclusion must be explained. SSR 96–8p ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion."); *see also Rapp v. Colvin*, No. 12-CV-353-WMC, 2015 WL 1268327, at *6 (W.D. Wis. Mar. 19, 2015) (remanding because of "absence of quantitative data supporting the 10 percent off-task limitation" and no attempt to explain how treating physician's qualitative limitations in CPP were properly accommodated for by a seemingly arbitrary ten percent off task limitation).

On remand, the ALJ must incorporate all Beyer's limitations in CPP into his RFC in a way that allows for a fair appraisal of whether Beyer could perform his past relevant work or other jobs in the economy. Statements such as "he will be off task ten percent of the time" or "cannot meet fast-paced production requirements" will be too vague to relate to the actual requirements of specific occupations.

On remand, the ALJ should also reassess Dr. Hurlbut's opinion. R. 122. Neither of the two reasons that the ALJ provided for discounting Dr. Hurlbut are adequate. There is no necessary inconsistency with Beyer's very low GAF scare (45 to 50) and Dr. Hurlbut's

conclusion that he was able to manage his own finances without a payee. Nor can Dr. Hurlbut's report be discredited simply because it relies on statements by Beyer and his mother that may in some respects be inconsistent. Dr. Hurlbut, like any psychologist, would rely significantly on the patient's self-reported symptoms and activities. Inconsistencies in the information provided would be part of what the psychologist must evaluate. Accordingly, the ALJ cannot reasonably discount Dr. Hurlbut's opinion because Beyer and his mother provided inconsistent information to him. What matters is the soundness of Dr. Hurlbut's evaluation of that evidence, and the ALJ offers no reason to question that.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered August 25, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge